IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WADDIE JACKSON, | : | |
| Plaintiff, | : | |
| vs. | : | CA 14-0512-CB-C |
| CAROLYN W. COLVIN, | : | |
| Acting Commissioner of Social Security, | | |
| | : | |
| Defendant. | | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Commissioner's unopposed motion to reverse and remand this action pursuant to sentence four of 42 U.S.C. § 405(g) (*see* Doc. 16), filed May 1, 2015.[1] In her motion, the Acting Commissioner represents that it is her belief that this case should be remanded for further administrative proceedings but does not state the specific grounds upon which the request for remand is based (*id.* at 1); therefore, the undersigned **RECOMMENDS** that the Court order the Commissioner, on remand, to direct the Administrative Law Judge (ALJ) assigned to Ms. Jackson's case to address all issues identified by plaintiff in her brief (*see* Doc. 13), as well as any other issues raised by plaintiff on remand.[2]

In light of the foregoing, and the plain language of sentence four of 42 U.S.C. § 405(g) empowering this Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner

---

[1] The Commissioner represents that counsel for the plaintiff has no objections to the relief requested in the motion. (*Id.* at 1.)

[2] In light of the contents of this report and recommendation, oral argument in this case—presently scheduled for May 26, 2015 (Doc. 15)—is **CANCELLED**.

of Social Security, with or without remanding the cause for a rehearing[,]" it is **RECOMMENDED** that the Commissioner's motion (Doc. 16) be **GRANTED**, and that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292, 112 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and

recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the 4th day of May, 2015.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**